1  Richard L. Schwartz (TX Bar No. 17869500)
   (Pro Hac Vice Pending)
2  Thomas F. Harkins, Jr. (TX Bar No. 09000990)
   **WHITAKER CHALK SWINDLE**
3  **& SCHWARTZ PLLC**
4  301 Commerce Street, Suite 3500
   Fort Worth, Texas 76102
5  (817) 878-0500
   Fax: (817) 878-0501
6  rschwartz@whitakerchalk.com
7  tharkins@whitakerchalk.com

8  Michael T. Wallace (AZ Bar No. 026139)
   General Counsel
9  JST Performance, Inc.
10 d/b/a Rigid Industries
   779 N. Colorado St.
11 Gilbert, Arizona 85233
   (480) 655-0100
12 Fax: (480) 832-0606
13 mwallace@rigidindustries.com

```
                         FILED ___ LODGED
                    ___  RECEIVED ___ COPY

                          JUL 11 2014

                    CLERK U S DISTRICT COURT
                       DISTRICT OF ARIZONA
                    BY _____ B  DEPUTY
```

# IN THE UNITED STATES DISTRICT COURT

# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| JST PERFORMANCE, INC. D/B/A RIGID INDUSTRIES, | **CV-14-01569-PHX-DJH** |
| Plaintiff, | CASE No. _____ |
| v. | **PLAINTIFF'S ORIGINAL COMPLAINT** |
| OE MOBILE AUDIO, LLC, an Indiana company, AND SHENZHEN AURORA TECHNOLOGY, LIMITED, a Chinese company, | |
| Defendants. | **JURY TRIAL DEMANDED** |

## PLAINTIFF'S ORIGINAL COMPLAINT

Plaintiff JST PERFORMANCE, INC. d/b/a RIGID INDUSTRIES, for its Complaint against Defendant OE MOBILE AUDIO, LLC and SHENZHEN AURORA TECHNOLOGY, LIMITED, hereby demands a jury trial and alleges as follows:

### I.
### PARTIES

1. Plaintiff JST Performance, Inc. d/b/a Rigid Industries ("Rigid") is a corporation organized under the laws of the State of Arizona, having its principal place of business in Gilbert, Arizona.

2. Upon information and belief, Defendant OE Mobile Audio, LLC is a limited liability company organized under the laws of the State of Indiana, having its principal place of business at Fishers, Indiana 46038; and does business as "Aurora LED USA," sometimes hereinafter referred to as "Aurora USA."  Service of process may be accomplished by serving its Registered Agent, Trent Renier, 10707 East 106th Street, Fishers, Indiana 46037.

3. Defendant Shenzhen Aurora Technology Limited is a Chinese entity organized under the laws of the Country of China having its principal place of business in Shenzhen, Guangdon, China, (Mainland) and sometimes hereinafter referred to as "Aurora China." Defendant Aurora China may be served by delivering a copy of the Summons and of the Complaint pursuant to Rule 4(h), Federal Rules of Civil Procedure.

## II.
## JURISDICTION

4. This is an action for infringement of a U.S. Design Patent arising under 35 U.S.C. § 1, *et seq.*, infringement of several U.S. Registered Trademarks and federal unfair competition arising under the Trademark Act of 1946, as amended (the "Lanham Act), 15 U.S.C. § 1051 *et seq*. This Court also has jurisdiction pursuant to 28 U.S.C. § 1331 and 28 U.S.C. § 1338(a). This Court has pendent jurisdiction over the related common law claims pursuant to the Court's pendent jurisdiction under 28 U.S.C. § 1338(b).

5. This Court has personal jurisdiction over Defendant Aurora USA because Defendant Aurora USA has numerous contacts with Arizona, including actively operating its interactive website, www.auroraledusa.com in the State of Arizona, and actively seeking and participating in acts of patent and trademark infringement complained of herein. As such, Defendant Aurora USA has ties to and is actively involved in this District and Arizona. All of these activities of Defendant Aurora USA are such that the exercise of jurisdiction over Defendant Aurora USA would not offend traditional notions of fair play and substantial justice.

6. This Court has personal jurisdiction over Defendant Aurora China because Defendant Aurora China has numerous contacts with Arizona, including actively operating its website, www.szaurora.com in the State of Arizona, and actively seeking and participating in acts of patent and trademark infringement complained of herein. As such, Defendant Aurora China has ties to and is actively involved in this District and Arizona. All of these activities of Defendant Aurora China are such that the exercise of jurisdiction over Defendant Aurora China would

not offend traditional notions of fair play and substantial justice.

## III.
## VENUE

7. Venue is proper in this district as to Defendant Aurora USA because (i) a substantial part of the events giving rise to the claims occurred in this District (28 U.S.C. § 1391(b)(2)) and because (ii) Defendant Aurora USA is subject to personal jurisdiction in the District of Arizona because it has taken tortious actions and entered into contracts and sold goods in this District and this cause of action arises out of such actions, contracts and sales (28 U.S.C. § 1391(b)(3) and (c)(2)).

8. Venue is proper in this district as to Defendant Aurora China because (i) a substantial part of the events giving rise to the claims occurred in this District (28 U.S.C. § 1391(b)(2)) and because (ii) Defendant Aurora China is subject to personal jurisdiction in the District of Arizona because it has taken tortious actions and entered into contracts and sold goods in this District and this cause of action arises out of such actions, contracts and sales (28 U.S.C. § 1391(b)(3) and (c)(2)) and as a non-resident of the United States, it may be sued in any judicial district (28 U.S.C. § 1391(c)(3)).

## IV.
## PLAINTIFF RIGID'S RIGHTS

9. Since about 2008, Plaintiff Rigid has been in the business of providing various LED lighting products for the off road lighting industry. In 2013, Inc. Magazine recognized Rigid as the 150th fastest growing private company in the entire U.S. and 5th best manufacturing company in the entire U.S.

10. Plaintiff Rigid is the owner of all right, title, and interest in and to United States Patent D 676,990 (the "'990 Patent"), as issued on February 26, 2013,

entitled "VEHICLE LED LIGHTING FIXTURE." The '990 Patent was duly and legally issued by the United States Patent and Trademark Office ("USPTO"). A true and correct copy of the '990 Patent is attached as Pleading Exhibit A to this Complaint. The '990 Patent is enforceable and pursuant to 35 U.S.C. § 282 carries a statutory presumption of validity.

11. Beginning in about October 2008, Plaintiff Rigid began selling its specialized LED lighting equipment used for vehicular applications. Plaintiff Rigid has manufactured, promoted, advertised, and sold a wide variety of LED lighting products as used for off road vehicles, marine products and other types of vehicular applications. Examples of Plaintiff Rigid's various LED lighting products are shown in Pleading Exhibit B attached hereto.

12. Plaintiff Rigid is the owner of all right, title, and interest in and to the following United States Trademark Registrations and Applications:

| Registration No. or Application No. | Mark | Goods |
|---|---|---|
| 4,253,770 (the "'770 Registration") | SR-Series | Light Bars for Vehicles, Namely Land Based Vehicles |
| 4,263,785 (the "'785 Registration") | D-Series | Light Bar for Vehicles, Namely Land Based Vehicles |
| 4,463,964 (the "'964 Registration") | R-Series | Lights for Vehicles |
| 4,521,143 (the "'143 Registration) | D-Series | Light Bars for Vehicles, Namely Marine Based Vehicles |

PLAINTIFF'S ORIGINAL COMPLAINT
136288v3

PAGE 5 OF 16

| | | |
|---|---|---|
| 4,521,282 (the "'282 Registration") | E-Series | LED (light emitting diode) Bars for Motor Vehicles |
| 85,823,642 (the "'642 Application) | A-Series | LED Lights for Vehicles Marketing Exclusively in the Automotive and Vehicular Lighting After Market and Excluding Distribution Through Original Equipment Manufacturers |
| 85,823,650 (the "'650 Application) | M-Series | Lights for Vehicles, Namely Marine-Based Vehicles, Excluding Tail Lights for Marine-Based Vehicles |
| 85,823,700 (the "'700 Application) | Q-Series | LED Lights for Vehicles Marketed Exclusively in the Automotive and Vehicular Lighting After Market and Excluding Distribution through Original Equipment Manufacturers |
| 86,082,793 (the "'793 Application) | RDS-Series | LED (light emitting diode) Lighting Fixtures |

True and accurate copies of the foregoing Certificates of Registration are attached hereto as Pleading Exhibit C. A true and accurate copy of the pending status of the aforementioned Trademark applications as published on the USPTO website is attached hereto as Pleading Exhibit D. All of the foregoing marks are valid and subsisting and are hereinafter collectively referred to as "Rigid's Marks."

13. Plaintiff Rigid has extensively advertised, promoted and marketed its lighting products throughout the United States as identified by Rigid's Marks,

including through its website at www.rigidindustries.com, in its catalogues, and in various trade publications. Plaintiff Rigid attends widespread national and regional industry trade shows that target vehicular after-markets, and has averaged attending at least 100 industry trade shows per year since 2012.

14. Plaintiff Rigid's lighting products are sold directly to the public via its website as well as to various distributors who have their own network of resellers and retailers throughout the United States and elsewhere.

15. Through the expenditure of significant resources in such advertising, marketing and promotion, Plaintiff Rigid enjoys a respected marketplace presence and significant good will associated with its high quality lighting products. As such, Plaintiff Rigid has earned a fine reputation for its lighting products identified with its Rigid Marks throughout the United States.

16. Plaintiff Rigid's "SR-Series" products, while protected by Rigid's '770 Registration, are also within the scope of Rigid's '990 Patent. Plaintiff Rigid's "SR-Series" are marketed and sold with the '990 Patent number per 35 U.S.C. § 287.

## V.
## DEFENDANTS' ACTIVITIES

17. Upon information and belief, Defendant Aurora USA actively advertises, markets and promotes its various LED lighting products by and through its principal interactive website at www.auroraledusa.com. As shown in Pleading Exhibit E, Defendant Aurora USA markets and sells "D-Series" LED Lights, "W-Series" LED Lights, and "S-Series" LED Lights.

18. Upon information and belief, Defendant Aurora USA has advertised, marketed, and sold these "D-Series" Lights, "W-Series" Lights, and "S-Series" Lights

throughout the United States, including Arizona.

19. Upon information and belief, Defendant Aurora USA has made false and misleading comparisons between its products and those of Plaintiff Rigid, including the comparison shown in Pleading Exhibit F attached hereto. More specifically, the comparisons of "Beam Distance" and "Lumen Output," and consequentially "Lumen Output/$," between Defendants' product and that of Plaintiff Rigid are false and misleading as Defendants' numbers, based upon industry standards, are substantially overstated.

20. Upon information and belief, Defendant Aurora USA competes directly with Plaintiff Rigid's lighting products. Defendant Aurora USA's advertising, offering for sale and sale of its LED lighting products using Rigid's Marks is without the authorization or consent of Plaintiff Rigid.

21. Upon information and belief, as shown on its website, Defendant Aurora USA has adopted and is using Rigid's Marks to identify its LED lighting products in an effort to trade upon the good will and reputation of Plaintiff Rigid as associated with Rigid's Marks.

22. Upon information and belief, Defendant Aurora USA's use of the Rigid's Marks is an attempt to associate its lighting products with Plaintiff Rigid's products, to trade off Plaintiff Rigid's good will and to cause confusion in the market place as to the affiliation or source of such goods.

23. As shown in Pleading Exhibit E (Page 1), Defendant Aurora USA is "the official, authorized, U.S. reseller for Aurora LED products."

24. Upon information and belief, in like fashion to that of Defendant Aurora USA, Defendant Aurora China actively advertises, markets and promotes its LED lighting products by and through its principal website at www.szaurora.com. As shown in Pleading Exhibit G, Defendant Aurora China advertises and markets "W-Series" Lights, "D-Series" Lights, "S-Series" Lights, "A-Series" Lights, and "M-Series" Lights. Further, Defendant Aurora China purposefully sends mass e-mailings, such as shown in Pleading Exhibit H, offering to sell its LED lighting products to U.S. customers. This mass e-mailing includes a picture of a Toyota Tundra truck [Pleading Exhibit H, page 5] that has Plaintiff Rigid's lighting products affixed to the truck—not Defendants' lighting products.

25. Upon information and belief, the lighting products promoted and marketed by Defendant Aurora China through its websites are identical with the lighting products advertised, marketed and sold by its authorized reseller, Defendant Aurora USA.

26. Upon information and belief, Defendant Aurora China's products are in direct competition with Plaintiff Rigid's lighting products. Defendant Aurora China's advertising, offering for sale and sale of such LED lighting products using Rigid's Marks is without the authorization or consent of Plaintiff Rigid.

27. Upon information and belief, as shown on its website, Defendant Aurora China has adopted and is using Rigid's Marks to identify its lighting products in an effort to trade upon the good will associated with Plaintiff Rigid's LED lighting products.

28. Upon information and belief, Defendant Aurora China's use of Rigid's Marks is an attempt to associate its lighting products with that of Plaintiff Rigid's products, to trade off Plaintiff Rigid's good will and to cause confusion in the marketplace as to affiliation or source of such goods.

29. As a result of the foregoing, Plaintiff Rigid has been damaged, and upon information and belief, Defendant Aurora USA and Defendant Aurora China has profited from such misconduct as described hereinabove.

30. Upon information and belief, the "S-Series" of Defendants Aurora USA and Aurora China has been offered for sale and sold within the United States and falls within the claim of the '990 Patent. See attached Pleading Exhibit I showing pictures of Defendants' "S-Series" lighting products. Upon information and belief, Defendants have sold such lighting products to its affiliates throughout the United States who in turn have sold such lighting devices to the consuming public (see Pleading Exhibit E, Page 6).

## VI.
## CAUSES OF ACTION

### COUNT 1—INFRINGEMENT OF THE '990 PATENT

31. The allegations of ¶¶ 9-30 above are hereby incorporated herein by reference.

32. Upon information and belief, in violation of 35 U.S.C. § 271(a) Defendants Aurora USA and Aurora China have directly infringed and continue to directly infringe the '990 Patent by making, using, selling, offering for sale in and/or importing to the United States, including within this judicial district, products that infringe the claim of the '990 Patent, all without authority of Plaintiff Rigid.

33. Upon information and belief, Defendants Aurora USA and Aurora China have actual notice of Plaintiff Rigid's '990 Patent and as such had actual and constructive knowledge of the '990 Patent upon its issuance. Upon information and belief, Defendants not only knew that their use and sales of such LED lighting products constitute infringement, but also brazenly elected not to discontinue such use or sale and flaunt their infringement.

34. Because of the blatant and willful nature of Defendants' Aurora USA and Aurora China, upon information and belief, Defendants have acted with objective recklessness and subjective recklessness in their infringement of Plaintiff Rigid's '990 Patent. Defendants, without justification, continue to flagrantly infringe Plaintiff Rigid's '990 Patent. There was an objectively high likelihood of infringement and Defendants knew this, or the infringement was so obvious that Defendants should have known it.

35. As such, upon information and belief, Defendants have willfully infringed Plaintiff Rigid's '990 Patent and Plaintiff Rigid has been harmed by Defendants' activities.

36. Based upon the facts detailed hereinabove, Plaintiff Rigid believes this case to be an exceptional case for which it is entitled to its attorneys' fees pursuant to 35 U.S.C. § 285.

### COUNT 2—FEDERAL TRADEMARK INFRINGEMENT

37. The allegations of ¶¶ 9-36 above are hereby incorporated herein by reference.

38. Under 15 U.S.C. § 1114(1)(a), Defendants Aurora USA and Aurora China have, without the consent of Plaintiff Rigid, used in commerce a reproduction, counterfeit, copy, or colorable imitation of the '770 Registration ("SR-Series") and '785 and '143 Registrations ("D-Series") in connection with the sale, offering for sale, distribution, or advertising of their lighting goods, or in connection with which such use is likely to cause confusion, or to cause mistake, or to deceive.

39. Under 15 U.S.C. § 1117, Plaintiff Rigid seeks Defendants Aurora USA and Aurora China's profits, damages sustained by Plaintiff Rigid and costs of this action. Further, under the circumstances of this case, Plaintiff Rigid seeks trebling of the actual damages. Further, if the Court should find that the recovery based on profits is inadequate, Plaintiff Rigid prays that the Court will in its discretion enter judgment for such a sum as the Court shall find to be just.

40. Because of the blatant and willful nature of Defendants Aurora USA and Aurora China's infringement, Plaintiff Rigid submits that this is an exceptional case and seeks its reasonable attorneys' fees, pursuant to 15 U.S.C. § 1117(a).

### COUNT 3—LANHAM ACT UNFAIR COMPETITION

41. The allegations of ¶¶ 9-40 above are hereby incorporated herein by reference.

42. Under 15 U.S.C. § 1125(a), Defendants Aurora USA and Aurora China have, in connection with goods, used in commerce false or misleading descriptions of facts, or false or misleading representations of facts, which are likely to cause confusion as to the origin, sponsorship, or approval of their goods by another person; or, in commercial advertising or promotion, misrepresented the nature,

characteristics, or qualities of their or Plaintiff Rigid's goods or commercial activities. Plaintiff Rigid believes that it is, or is likely to be, damaged by such acts. Also, Defendants Aurora USA and Aurora China have made false designations of origins of its product with respect to using Rigid's Marks as trademarks, thereby identifying their products with Plaintiff Rigid as a source.

43. Under 15 U.S.C. § 1125(a), Defendants Aurora USA and Aurora China's usage of Plaintiff Rigid's "A-Series," "M-Series" and overall usage of Plaintiff Rigid's "Series" trademarks is an attempt to trade upon Plaintiff Rigid's good will such that Plaintiff Rigid believes that it is, or is likely to be, damaged by such acts.

44. Under 15 U.S.C. § 1125(a), Plaintiff Rigid has been damaged by the false advertising of Defendant Aurora USA in that it has made false and misleading comparisons of the lighting products of Plaintiff Rigid as compared to those of Defendants, as best seen in Plaintiff's Pleading Exhibit F.

45. Under 15 U.S.C. § 1125(a), Plaintiff Rigid has been damaged by Defendants' falsely depicting Plaintiff Rigid's product as being Defendants' product, when such is known by Defendants not to be true. See Pleading Exhibit H, page 5.

46. Because of the blatant and willful nature of Defendants' misrepresentations, Plaintiff Rigid submits that this is an exceptional case and seeks its reasonable attorneys' fees, pursuant to 15 U.S.C. § 1117(a).

## COUNT 4—COMMON LAW UNFAIR COMPETITION

47. The allegations of ¶¶ 9-46 above are hereby incorporated herein by reference.

48. Defendants Aurora USA and Aurora China have engaged in conduct that constitutes unfair competition under Arizona law. As a foreseeable result of Defendants' conduct, Plaintiff Rigid has been and continues to be damaged. Defendants have caused, and are causing, irreparable injury to Plaintiff Rigid for which there is no adequate remedy at law.

49. Defendants Aurora USA and Aurora China's conduct evidence an evil intent that outstrips the bounds of decency, fairness and fair competition and warrants the imposition of punitive damages.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff Rigid prays for the following relief:

A. An adjudication that the '990 Patent is valid;

B. An adjudication that Defendants Aurora USA and Aurora China have infringed the '990 Patent;

C. An injunction enjoining Defendants Aurora USA and Aurora China, and the respective officers, directors, agents, servants, employees, affiliates, attorneys, and all others acting in privity or in concert with them from directly or indirectly infringing the '990 Patent;

D. A declaration that Defendants Aurora USA and Aurora China's patent infringement is willful;

E. An adjudication that Plaintiff Rigid's Marks are valid;

F. An adjudication that Plaintiff Rigid's Marks have been infringed by Defendants Aurora USA and Aurora China;

G.   An adjudication that Defendants Aurora USA and Aurora China have committed unfair competition against Plaintiff Rigid under either federal or state law;

H.   An injunction enjoining further violations of 15 U.S.C. §§ 1114 and 1125(a) by Defendants Aurora USA and Aurora China, as well as enjoining any future acts of unfair competition by Defendants Aurora USA and Aurora China against Plaintiff Rigid, including but not limited to enjoining Defendants Aurora USA and Aurora China (i) from further use "D-Series," "W-Series," "S-Series," "A-Series," "M-Series" and overall usage of "Series" or any name or mark deceptively similar to any of Rigid's Marks, (ii) from all false and/or misleading comparative advertising, and (iii) from identifying any product of Plaintiff Rigid with Defendants;

I.   Pursuant to 35 U.S.C. § 289, the profits of Defendant's Aurora USA and Aurora China;

J.   Pursuant to 15 U.S.C. § 1117, the profits of Defendants Aurora USA and Aurora China, as well as Plaintiff Rigid's damages;

K.   A declaration that this case is exceptional under 35 U.S.C. § 285 and 15 U.S.C. § 1117 and award to Plaintiff Rigid its reasonable attorneys' fees;

L.   An award of punitive damages;

M.   An award to Plaintiff Rigid of its costs of this litigation; and

N.   An award to Plaintiff Rigid of such further relief at law or in equity as this Court deems just and proper.

## JURY DEMAND

Pursuant to Federal Rules of Civil Procedure, Rule 38(b), Plaintiff Rigid hereby demands a trial by jury on all issues triable as such.

Dated: July 10, 2014.

Respectfully submitted,

*[signature]*

Richard L. Schwartz
Texas Bar No. 17869500
rschwartz@whitakerchalk.com
Lead Counsel in Charge
(Pro Hac Vice Pending)

Thomas F. Harkins, Jr.
Texas Bar No. 09000990
tharkins@whitakerchalk.com

**WHITAKER CHALK SWINDLE & SCHWARTZ PLLC**
301 Commerce Street, Suite 3500
Fort Worth, Texas 76102
Phone: (817) 878-0500
Fax: (817) 878-0501

Michael T. Wallace (AZ Bar No. 026139)
General Counsel
JST Performance, Inc.
d/b/a Rigid Industries
779 N. Colorado St.
Gilbert, Arizona 85233
(480) 655-0100
Fax: (480) 832-0606
mwallace@rigidindustries.com

**ATTORNEYS FOR PLAINTIFF
JST PERFORMANCE, INC. d/b/a
RIGID INDUSTRIES**